UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY HARDEN,

               Plaintiff,

            v.                                      Case No. 21-cv-0362-bhl

JANET YELLEN,
JOHN/JANE DOES,

               Defendants.

## SCREENING ORDER

Plaintiff Jerry Harden, who is currently serving a state prison sentence at the Prairie du Chien Correctional Institution and representing himself, filed a complaint alleging that his Fourteenth Amendment rights were violated. This matter comes before the Court on Harden's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Harden has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Harden has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.38. Harden's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the

Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Harden alleges that he has not received $1,200, $600, and $1,400 stimulus payments even though he was eligible to receive them and completed the necessary paperwork. Dkt. No. 1 at 2-3. According to Harden, other inmates at his institution received payments. Harden asserts that he wrote two letters to the IRS, but he received no response. Harden asserts that John/Jane Doe Defendants discriminated against him in violation of the Fourteenth Amendment when they denied him stimulus payments but awarded them to other inmates. Harden seeks compensatory and punitive damages.

## THE COURT'S ANALYSIS

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations

2

"must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a class-of-one equal protection claim, a plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008). The Court must be able to reasonably infer that "the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendant." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000).

Harden fails to state a claim based on his assertions that Defendants "participated in [d]iscriminatory practices" in violation of the Fourteenth Amendment when stimulus payments were given to other inmates but not to him. The Court cannot reasonably infer from the mere fact that he did not receive stimulus payments that Defendants "intentionally" treated him differently or that his failure to receive stimulus payments was motivated by "a totally illegitimate animus." Without more specific factual allegations to support his conclusion, Harden's bald assumption that he was discriminated against is nothing more than speculation, which is insufficient to state a claim.

Finally, the Court notes that Harden seeks only compensatory and punitive damages based on the alleged violation of his constitutional rights. He does not seek injunctive relief, *i.e.*, he does not ask the Court to order the IRS to send him the stimulus payments. Nor could he. As other courts have noted, "[i]t is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria…." *Scholl v. Mnuchin*, No. 20-cv-05309, 2020 WL 6065059, at *20 (N.D. Cal. Oct. 14, 2020). And "[i]t is not this Court's function to raise up a cause of action where a statute has not created one." *Strange v. Kiowa Tribe of Oklahoma*, No. CIV-20-1155, 2021 WL 1095983, at *5 (W.D. Okla. Jan. 27, 2021); *see Coy v. Trump*, No. 21-cv-1344, 2021 WL 965321, at *3, n. 1 (N.D. Cal, Mar. 15, 2021 (acknowledging that plaintiff did not show he had a private right of action under the CARES Act).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so when allowing a plaintiff that opportunity would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Harden's complaint makes clear that he has had no contact from the IRS, so he will

3

be unable to provide additional facts giving rise to a reasonable inference of personal animus. Accordingly, the Court finds that allowing further amendment would be futile.

## CONCLUSION

Harden has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Harden's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Harden shall collect from his institution trust account the $346.62 balance of the filing fee by collecting monthly payments from Harden's prison trust account in an amount equal to 20% of the preceding month's income credited to Harden's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Harden is transferred to another institution, the transferring institution shall forward a copy of this Order along with Harden's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Harden is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 16th day of April, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.